COLLOTON, Circuit Judge,
dissenting.
The court’s opinion is significant doctrinally, because it collapses two elements of a disability discrimination claim. The decision effectively eliminates what this court consistently has called a “predicate requirement”—ie., that an employee seeking a reasonable accommodation from her employer must clearly request accommodation before the employer has an obligation to engage in the “interactive process” contemplated by the Americans with Disabilities Act. Because Roberta Kowitz never requested an accommodation for the disability that made her unable to perform an essential function of her job, I would affirm the "judgment of the district court.
Kowitz could not perform basic life support, which was an essential function of her job as a respiratory therapist and lead technician in the blood gas lab at Trinity Health. Trinity required that all employees provide a basic life support certification by November 26, 2010, and Kowitz failed to do so. After Kowitz informed her supervisor on December 2 that she could not complete her certification until she had *749 completed at least four months of physical therapy, Trinity terminated her employment.
Kowitz now argues that Trinity failed to make a reasonable accommodation of her disability. See 42 U.S.C. § 12112(b)(5)(A). Kowitz asserts that Trinity should have given her a longer grace period within which to obtain her basic life support certification or reassigned her to an open position that did not require performance of life support.
An employee alleging that an employer failed to make a reasonable accommodation must prove, among other things, two separate elements: (1) that the employer knew about her disability, and (2) that she requested an accommodation or assistance for her disability. Schaffhauser v. United Parcel Sem, Inc., 794 F.3d 899, 906 (8th Cir. 2015). A request for accommodation is a “predicate requirement” to initiate the interactive process. EEOC v. Prod. Fabricators, Inc., 768 F.3d 963, 971 (8th Cir. 2014); Kratzer v. Rockwell Collins, Inc., 398 F.3d 1040, 1045 (8th Cir. 2005); Ballard v. Rubin, 284 F.3d 957, 960 (8th Cir. 2002); see also Walz v. Ameriprise Fin., Inc., 779 F.3d 842, 847 (8th Cir. 2015). Quoting the EEOC’s interpretive guidelines, we have explained: “Once a qualified individual with a disability has requested provision of a reasonable accommodation, the employer must make a reasonable effort to determine the appropriate accommodation.” Fjellestad v. Pizza Hut of Am., Inc., 188 F.3d 944, 951 (8th Cir. 1999) (emphasis added) (quoting 29 C.F.R. § 1630, App. § 1630.9).
This is not an onerous burden on the employee. There is no requirement to use magic words like “reasonable accommodation,” but the employee’s notice must “make it clear to the employer that the employee wants assistance for his or her disability.” Id. at 952 n.5 (emphasis added); accord Ballard, 284 F.3d at 962 (explaining that notice to the employer “must make clear that the employee wants assistance for his or her disability”) (emphasis added). We affirmed a summary judgment in Product Fabricators because the evidence did “not indicate that [the employee] made a specific request for an accommodation.” 763 F.3d at 971 (emphasis added). In the court’s favored precedent, EEOC v. Convergys Customer Management Group, Inc., 491 F.3d 790 (8th Cir. 2007), the employee did not merely notify his employer of an inability to wprk due to disability and then claim that the employer should have inferred a request for assistance; he “testified at trial that he requested an accommodation because of limitations created by his wheelchair, thus meeting his initial burden.” Id. at 795. The plaintiff in Ballard generated an issue of fact on the request element by asking the employer to account for his doctor’s recommendations of curtailing travel and to take his physical limitations into account before requiring out-of-town travel. 284 F.3d at 962.
It is undisputed that Kowitz never requested an accommodation for her inability to perform basic life support. She merely informed supervisor Reinertson that she was unable to attempt to obtain a basic life support certification until she had completed four months of physical therapy. That notification of Kowitz’s disability does not create a genuine issue of fact concerning whether Kowitz requested an accommodation. As the district court explained, “Kow-itz admits she never made a request or even mentioned to Waldera, Reinertson, or the Trinity Health HR Department she was interested in transferring to a vacant position within Trinity Health.” R. Doc. 75, at 14. And “Kowitz never applied for any positions with Trinity Health despite knowing job vacancies were posted on *750 Trinity’s website which she was familiar with and had access to.” Id.
In rejecting the district court’s judgment, the court conflates the employer’s knowledge of an employee’s disability with the requirement that an employee must make a clear request for accommodation. Any employee who notifies an employer that she cannot work because of a disability can be said in some sense to have made her employer “aware of the need for an accommodation.” Ante, at 747. But we have never said that merely notifying the employer of a disability is an “implied” request, id. sufficient to trigger an employer’s duty to engage in the interactive process. We have said precisely the opposite: an employee must make it clear that she wants assistance or accommodation. Even where an employer previously has made reasonable accommodation, an employee who wants additional assistance cannot “expect the employer to read her mind and know she secretly wanted a particular accommodation and then sue the employer for not providing it.” Mole v. Buckhom Rubber Prods., Inc., 165 F.3d 1212, 1218 (8th Cir. 1999) (internal quotation and brackets omitted). It is not the court’s place to impose a rule based on how a beneficent employer would treat an employee who notifies the employer of a disability, even if some employers might well take it upon themselves to initiate an interactive process without a request from the employee.
People should be entitled to clarity in the law. Employers and employees rely on predictability to make efficient decisions and to avoid costly and burdensome litigation. There is no practical difference between asserting that this record creates a genuine issue of fact for trial, ante, at 748 n.l, and collapsing what heretofore have been two separate elements of a disability discrimination claim. By eliminating the requirement of a clear request for accommodation that is distinct from notice of disability, the court generates regrettable uncertainty. I would affirm the judgment.